[Cite as *State v. Jones*, 2014-Ohio-5758.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                              :

      Plaintiff-Appellee,               :

                                        No. 14AP-234
v.                                          :       (C.P.C. No. 05CR-2681)

Keith L. Jones,                            :       (ACCELERATED CALENDAR)

      Defendant-Appellant.              :

D E C I S I O N

Rendered on December 30, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

*Keith L. Jones*, pro se.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Defendant-appellant, Keith L. Jones ("appellant"), appeals pro se from a judgment of the Franklin County Court of Common Pleas denying motions to correct or amend his sentence. Because we conclude that the trial court did not err by finding that appellant's motions were an untimely petition for postconviction relief and were barred by res judicata, we affirm.

{¶ 2} In February 2007, appellant pled guilty to two counts of identity fraud. Appellant failed to appear for the scheduled sentencing hearing in July 2007 and ultimately was not sentenced until December 2009. The court sentenced appellant to five years of community control. The court also notified appellant that, if he violated community control, he would receive a prison sentence of five years on each count, for a total term of imprisonment of ten years.

{¶ 3}   Appellant was declared to be an absconder from probation in March 2010. The following year, the Franklin County Probation Department filed a request to revoke community control. Appellant admitted that he violated community control. In May 2011, the court revoked appellant's community control and imposed a ten-year term of imprisonment. Appellant appealed from the judgment, and this court affirmed. *State v. Jones*, 10th Dist. No. 11AP-498, 2012-Ohio-559 ("*Jones I*"). Appellant subsequently filed a second appeal, asserting that the trial court erred by denying a motion to dismiss based on a violation of his right to a speedy trial. *State v. Jones*, 10th Dist. No. 11AP-1123, 2012-Ohio-3767, ¶ 11 ("*Jones II*"). This court denied the appeal and affirmed the lower court's judgment. *Id.* at ¶ 29.

{¶ 4}   In November 2013, appellant filed a motion captioned "Motion for Correction of Sentence Pursuant to R.C. 2929.15(B)(5)." Appellant later filed a motion captioned "Motion for Resentencing to Correct a Void Judgment or a Sentence that is Contrary to Law," and another motion captioned "Motion to Amend Sentencing Journal Entry to Make it Conform to the Oral Original Sentence as Transcribed or to Vacate Sentencing Journal Entry and Remand Matter for Resentencing with Defendant Being Present." In these motions, appellant asserted that the trial court erred by failing to give him proper notice that, if he violated community control, he could be imprisoned for up to ten years and that, therefore, the subsequent judgment revoking his community control and imposing a prison sentence was void. The court below issued a judgment entry denying appellant's motions, concluding that they constituted an untimely petition for postconviction relief and that res judicata barred appellant's claims.

{¶ 5}   Appellant appeals from the trial court's judgment, assigning two errors for this court's review:

> Assignment of Error No. I
>
> THE TRIAL COURT ERRED WHEN IT SENTENCED DEFENDANT-APPELLANT TO A SIXTY(60) MONTH PRISON TERM IN EACH CASE AFTER VIOLATIONS OF COMMUNITY CONTROL SANCTIONS BECAUSE IT FAILED TO FULLY COMPLY WITH THE MANDATES OF R.C. § 2929.15(B)(2) DUE TO INADEQUATE NOTIFICA-TION GIVEN TO DEFENDANT-APPELLANT PURSUANT TO R.C. § 2929.19(B)(4). THE NOTICE OF COMMUNITY

CONTROL WAS ALTERED AFTER APPELLANT'S SIGNA-TURE WAS AFFIXED.

Assignment of Error No. II

THE TRIAL COURT'S JUDGMENT ENTRY IMPOSED A SENTENCE DIFFERENT FROM THE ONE ANNOUNCED IN OPEN COURT IN VIOLATION OF RULE 43A OF THE CRIMINAL RULES AND PROCEDURES THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION. THE COURT FAILED TO SENTENCE APPELLANT ON EACH COUNT OF CONVIC-TION TO COMMUNITY CONTROL.

{¶ 6} Pursuant to R.C. 2953.21(A)(1), an individual who has been convicted of a criminal offense may file a petition requesting that the court vacate or set aside the judgment or sentence based on a claim of denial or infringement of their rights that would render the judgment void or voidable under the Ohio Constitution or the United States Constitution. Appellant asserted that his ten-year prison sentence was void because the trial court failed to properly notify him of the specific prison term that could be imposed if he violated the terms of his community control sentence. The court below properly construed appellant's motions as a petition for postconviction relief under R.C. 2953.21. *See State v. Reynolds*, 79 Ohio St.3d 158, 160 (1997) (construing motion to correct or vacate sentence as a petition for postconviction relief); *State v. Mason*, 10th Dist. No. 12AP-120, 2012-Ohio-4510, ¶ 7 (citing multiple cases construing motions seeking to correct or vacate sentences as motions for postconviction relief); *State v. Holland*, 5th Dist. No. 09-CA-120, 2010-Ohio-226, ¶ 13 ("[W]e find Appellant's motion to amend sentence is a petition for post conviction relief as defined in R.C. 2953.21.").

{¶ 7} The court below found that appellant's motions were untimely and that he failed to satisfy any of the criteria for filing an untimely petition for postconviction relief. With certain exceptions, a petition for postconviction relief must be filed within 180 days of the trial transcript being filed in the court of appeals in the direct appeal of the judgment of conviction or, if no direct appeal is taken, within 180 days of the end of the time for filing an appeal. R.C. 2953.21(A)(2). Appellant filed a direct appeal of the May 5, 2011 judgment revoking his community control and imposing a jail sentence. *See Jones I*

at ¶ 1. The record, including transcripts, was filed in that appeal in July 2011. The first of appellant's motions seeking correction or amendment of his sentence were not filed until October 2013, well beyond the 180-day deadline under R.C. 2953.21(A)(2).

{¶ 8} The statute provides that a court may entertain an untimely petition for postconviction relief where the petitioner shows that he was unavoidably prevented from discovery of the facts upon which he relies in presenting the claim or that the United States Supreme Court recognized a new federal or state right that applies retroactively and that he is asserting a claim based on that right. R.C. 2953.23(A)(1)(a). The petitioner must also show by clear and convincing evidence that, but for the alleged constitutional error, no reasonable factfinder would have found him guilty of the offense for which he was convicted. R.C. 2953.23(A)(1)(b). Appellant did not address either of these issues in his motions; therefore, appellant failed to satisfy the criteria for an untimely filing under R.C. 2953.23. The court below did not err by denying appellant's motions as untimely.

{¶ 9} The court below also concluded that appellant's motions were barred by res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. "It is established that, pursuant to *res judicata*, a defendant cannot raise an issue in a motion for postconviction relief if he or she could have raised the issue on direct appeal." *Reynolds* at 161, citing *State v. Duling*, 21 Ohio St.3d 13 (1970). *See also State v. Melhado*, 10th Dist. No. 13AP-114, 2013-Ohio-3547, ¶ 10 ("A trial court may also dismiss a petition for post-conviction relief if it determines that the doctrine of res judicata is applicable.").

{¶ 10} Although appellant did not file a direct appeal of the judgment sentencing him to serve community control in December 2009, he filed a direct appeal of the May 5, 2011 judgment entry revoking the community control and imposing a ten-year prison term. In that appeal, appellant was represented by appointed counsel, who assigned a single error for review on appeal. Appellant also insisted that the court address two additional issues that were not included in his counsel's appellate brief. *Jones I* at ¶ 1-2.

Neither appellant nor his appointed counsel asserted that the trial court erred by sentencing him to a ten-year prison term or erred with respect to notifying him about the potential punishment for violating his community control sentence. Appellant also filed a direct appeal from a trial court judgment denying his motion to dismiss based on an alleged violation of his right to a speedy trial. Appellant, acting pro se in that appeal, once again failed to assert that the trial court erred by sentencing him to a ten-year prison term or erred with respect to notifying him about the potential punishment for violating the community control sentence. *Jones II* at ¶ 12. Moreover, this is not a case where appellant relies on evidence outside the record to support his request for postconviction relief. *See State v. Lawson*, 10th Dist. No. 02AP-148, 2002-Ohio-3329, ¶ 15 ("A petitioner can overcome the res judicata bar to post-conviction relief only if he presents competent, relevant, and material evidence dehors, or outside, the record.").

{¶ 11} We conclude that the issues raised in appellant's motions could have been asserted in a direct appeal from the December 2009 judgment imposing community control or in appellant's direct appeal of the May 5, 2011 judgment revoking community control and imposing a prison sentence. Because appellant did not assert these issues in a direct appeal from the judgment, the court below did not err by concluding that appellant was barred by res judicata from raising them in a petition for postconviction relief.

{¶ 12} Finally, we note that, in *Jones I*, we stated that "[a]t the time Jones was sentenced, years following his guilty pleas, he was clearly advised that if he failed to successfully complete community control this time, he would serve ten years of incarceration." *Jones I* at ¶ 5. In *Jones II*, we noted that "the court * * * sentenced defendant to five years of community control, and informed defendant that he would go to prison for five years on *each count* if he violated his community control." (Emphasis added.) *Jones II* at ¶ 8. The transcript of the sentencing hearing reflects this notification and that appellant was present at the sentencing hearing.

{¶ 13} For the foregoing reasons, we overrule appellant's two assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and KLATT, JJ., concur.

————————————